UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
MAURICE WILLIAMS BURKES,

                 Plaintiff,

               **OPINION & ORDER**
               06-CV-698 (SJF) (MLO)

-against-

NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICERS NEIL KINSELLA and
JOHN DOES 1-7,

                 Defendants.
------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

*Pro se* plaintiff Maurice Burkes ("Plaintiff" or "Burkes") commenced this action on February 16, 2006, against defendants Nassau County Police Department and various named and unnamed police officers in that department (collectively, "Defendants"), alleging violations of his civil rights under 42 U.S.C. § 1983 and seeking one trillion dollars ($1,000,000,000,000.00) in damages. Defendants Nassau County Police Department and Police Officer Neil Kinsella now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiff's action is time-barred. For the reasons set forth below, Defendants' motion to dismiss is granted.

II.    Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with

1

relevant rules of procedural and substantive law. <u>Faretta v. California</u>, 422 U.S. 806, 834 n. 36 (1975).

III.   Facts and Procedural History

On June 20, 2002, Burkes was arrested at the Roosevelt Field Shopping Mall in Garden City, New York. Burkes claims that during the course of his arrest that Defendants pointed guns at him and handcuffed him tightly. He claims that Defendants punched him in the face and grabbed his head and repeatedly slammed it against a flight of stairs. He also claims that Defendants repeatedly kicked him in the back, punched and kicked him in the head, kicked him in the back of the neck, and punched him in the body area. As a result, Burkes contends that he suffered serious physical injuries to his head, back, neck, and wrist and that he also suffered mental anguish and emotional distress.

On June 17, 2005, Burkes filed complaint 05-CV-2920 against Police Officer Neil Kinsella and John Does 1-5 alleging excessive use of force by Officer Kinsella and others during the course of his arrest, in violation of 42 U.S.C. § 1983. The complaint was accompanied by an application to proceed *in forma pauperis*. Contrary to the requirements of the Prisoner Litigation Reform Act of 1996, 42 U.S.C. § 1997e, however, Burkes did not submit a signed Prisoner Authorization Form. On June 23, 2005, *pro se* staff attorney Allen Herzfeld wrote a letter to Burkes directing him to submit a Prisoner Authorization Form, a copy of which was enclosed with the letter. Mr. Herzfeld further advised Burkes that failure to submit the signed form or pay the filing fee could result in his case being dismissed. On July 4, 2005, Burkes responded to the Court indicating that he would pay the required filing fee within thirty (30) days. He never paid the fee. On August 23, 2005, the Court dismissed Burkes' complaint without prejudice. <u>See Burkes v. Police Officer Neil Kinsella, et al.</u>, No. 05-CV-2920, slip op. (E.D.N.Y. Aug. 23,

2

2005).[1] The complaint had not been served upon any defendant prior to it being dismissed. Burkes did not appeal the dismissal.

On February 16, 2006, Burkes filed the instant action alleging the same violation of 42 U.S.C. § 1983 as he alleged in Case 05-CV-2920. In this case, Burkes named additional defendants. He also submitted a signed Prisoner Authorization Form. On March 9, 2006, Burkes was granted leave to proceed *in forma pauperis*. The complaint was properly served on all parties.

IV. Standard of Review

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal citation omitted). To this end, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). A statute of limitations defense may be raised on a motion to dismiss, provided the basis for the defense "appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

---

[1] The Court also dismissed Burkes' complaint against Newsday Newspaper (05-CV-2921) for the same reason.

V. Analysis

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995). See Pearl v. City of Long Beach, 296 F.3d 76, 79-80 (2d Cir. 2002). Section 1983 claims accrue when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quotation marks and citation omitted). Plaintiff alleges that his arrest occurred on June 20, 2002. See Complaint ¶ 5. Therefore, Plaintiff knew or had reason to know of his injuries on that date. As a result, the statue of limitations for this action expired on June 20, 2005. Since Plaintiff's complaint is dated February 16, 2006, Plaintiff's claims are time-barred.

Plaintiff cannot rely on his initial complaint in Case 05-CV-2920, to toll the statute of limitations.[2] Where an action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar because the dismissal in and of itself does not halt the running of the limitations period, even though designated to be without prejudice. See Jewell v. County of Nassau, 917 F.2d 738, 740-41 (2d Cir. 1990) (per curiam); Gannett Co. v. Register Publishing Co., 428 F. Supp. 818, 835 (D. Conn. 1977) ("without prejudice" does not mean that "[t]ime . . . stands still"). However, "to ensure that unfair prejudice does not result from a deferring court's without-prejudice dismissal, courts have protected a plaintiff's rights with the doctrine of equitable tolling." Johnson v. Nyack Hosp., 86 F.3d 8, 11 (2d Cir. 1996).

---

[2] The relation back doctrine and Fed .R. Civ. P. 15(c) do not apply because Plainitff's previous case was dismissed and there is no existing complaint pending before the Court to which the instant complaint could relate back.

Although 1983 actions are subject to equitable tolling, see, e.g., Walker v. Jastremski, 430 F.3d 560, 564 (2d. Cir. 2005), equitable tolling is only appropriate "in [ ] rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way from exercising his rights," Johnson, 86 F.3d at 12 (internal quotation marks and alteration omitted).

Equitable tolling is generally considered appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, see Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985); or where a plaintiff's medical condition or mental impairment prevented him or her from proceeding in a timely fashion, see, e.g., Brown, 287 F.3d at 60; Canales v. Sullivan, 936 F.2d 755, 758 (2d Cir. 1991). When determining whether equitable tolling is applicable, a court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the period sought to be tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002).

Although Plaintiff filed a defective pleading within the statute of limitations, the facts of this case do not warrant the application of equitable tolling because Plaintiff failed to act with reasonable diligence throughout the time period that would have to be tolled. A review of the pertinent facts reveals that Plaintiff failed to act diligently by not timely submitting a Prisoner Authorization Form or paying the filing fee for his first case. Plaintiff was alerted by the *pro se* office of his obligation to submit the authorization form or pay the filing fee and that failure to

do so could result in the case being dismissed. Plaintiff wrote a letter to the Court dated July 4, 2005, stating that he would pay the required fee "within 30 days." However, as of August 23, 2005, more than thirty (30) days later, the Court had yet to receive the fee. As a result, Plaintiff's case was dismissed without prejudice. Instead of promptly refiling his case, Plaintiff waited nearly six (6) additional months before commencing this action. Since Plaintiff did not act diligently, equitable tolling is not appropriate, and Plaintiff's claims are time-barred. See Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 81 (2d Cir. 2003).

V.  Conclusion

For the reasons set forth above, Defendants' motion to dismiss the complaint is GRANTED. The action is dismissed. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

*/s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: November 8, 2006
Central Islip, New York

Copies to:

Liora M. Ben-Sorek
Nassau County Attorney's Office
One West Street
Mineola, NY 11501

Maurice Williams Burkes
ID # 05A4310
Elmira Correctional Facility
PO Box 500
Elmira, NY 14902-0500